J. R. Wood & Sons, Inc. v. Commissioner.
J. R. Wood & Sons, Inc. v. Commissioner
Docket No. 85177.
United States Tax Court
T.C. Memo 1962-189; 1962 Tax Ct. Memo LEXIS 121; 21 T.C.M. (CCH) 1038; T.C.M. (RIA) 62189; August 7, 1962
*121 Karl W. Windhorst, Esq., 125 Park Ave., New York, N. Y., for the petitioner. Eugene L. Wilpon, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $10,245.28 in income tax of the petitioner for its fiscal year ended January 31, 1957. The only issue for decision is whether the Commissioner erred in disallowing a deduction of $15,278.22 for legal fees which he explained was "properly chargeable to capital." The parties have presented the facts by a few admissions and a stipulation which are adopted as the findings of fact. The petitioner filed its return for the taxable year with the director of internal revenue for the Upper Manhattan District of New York. The petitioner, a New York corporation, organized in 1930, is engaged in the business of manufacturing and selling, at wholesale, wedding rings and diamond rings. The petitioner, in 1941, commenced using thet mark "Arcarved" on many of its products and, in 1949, commenced using the mark "Woodcrest" on a secondary line of products. It later used the mark "Artcarved Woodcrest" but, in December 1954, ceased to manufacture rings marked "Artcarved Woodcrest" *122 or "Woodcrest." Thereafter it manufactured and sold its products solely under the mark "Artcarved" until 1957 when it resumed the use of the mark "Woodcrest" and continued to use the mark "Artcarved." The petitioner, in 1956, instituted opposition proceedings in the United States Patent Office against the registration of a trademark "Art Crest" by Reese Jewelry Corporation and also instituted a trademark infringement suit against that corporation in the United States District Court. The complaint in the infringement suit contains, inter alia, the following allegations: This suit is brought under the trademark laws of the United States, to restrain infringement of the trademark "ART-CARVED", registered in the United States Patent Office under Certificates No. 393,358 issued February 10, 1942, No. 518,826 issued December 13, 1949, and No. 588,286 issued April 13, 1954, either alone or in combination with infringement of the trademark "WOODCREST" registered in the United States Patent Office under Certificate No. 535,416 issued December 26, 1950, and for unfair competition. The petitioner also alleged that it registered the trademarks "Art-carved" first in 1942 and "Woodcrest" *123 in 1950 and that the defendant used the trademark "Art Crest" on finger rings which is purposely confusing with the petitioner's trademarks causing infringment. It asked that Reese be enjoined from using the trademark "Art Crest" and pay damages. The answer admitted the registration of the trademarks by the petitioner, as alleged, and Reese's use of trademark "Art Crest" but only in conjunction with its trademark "Wedding Bells," so there could be no confusion or infringement. Reese alleged in an amended answer that the petitioner had "abandoned the use of its alleged trademark 'Woodcrest' and the registration thereof is invalid." It asked for an order cancelling the registration of that trademark. The petitioner denied all such allegations. The judge of the District Court rendered an opinion with findings of fact and conclusions of law, after trial, holding that Reese's use of "Art Crest" was confusing and infringed and the petitioner had never abandoned its right to the registered trademark "Woodcrest." The Court said, inter alia, " this action basically resolves itself into one issue. That issue is merely whether the ordinarily prudent purchaser is likely to mistake defendant's *124 mark for plaintiff's mark." It awarded no attorneys' fees or damages but granted injunctive relief and dismissed the counterclaim. Judgment was entered July 17, 1959. Reese filed an appeal on the infringement only and the injunction was suspended pending the appeal. The Court of Appeals, Judge Friendly dissenting, reversed as to the injunction on the ground that there was no likelihood of confusion between "Artcarved" on the one product and "Art Crest" on the other. The litigation thus terminated. The petitioner incurred and paid in the taxable year legal fees in the amount of $15,278.22 in connection with the opposition proceedings and the infringement suit and claimed that amount as a deduction on its return. The Commissioner disallowed it in full. The Commissioner contends that the legal fee is chargeable to capital because Reese in its amended answer claimed that the petitioner had abandoned its trademark "Woodcrest" and thus the litigation was to defend or perfect title to the petitioner's trademarks. He does not make a similar argument with respect to "Artcarved." This argument is extremely forced and is refuted by the stipulated evidence and facts. The District Court *125 judge did not regard any question of abandonment by the petitioner as a part of the basic issue in that proceeding. The litigation on appeal had nothing whatever to do with the rights to the petitioner's trademarks or to those claimed by Reese. The only question considered was whether an ordinarily prudent purchaser was likely to mistake Art Crest for Artcarved. The question of whether the petitioner had abandoned its trademark "Woodcrest" was a lightweight second thought in an amended answer and of little or no importance in the over-all litigation even in the District Court. It should not be given controlling importance here and without giving it such importance the Commissioner's contention must fall. The petitioner did not seek to gain, protect or improve title to any capital asset and, although the litigation was unsuccessful, the petitioner lost nothing of a capital nature in that lititation. The deduction in question was incurred in the ordinary conduct of its business in an effort to protect its income and is allowable. Decision will be entered under Rule 50.